THE STATE VS. NAIL ET AL.

Though several defendants may be included in one indictment for several distinct misdemeanors of the same kind, if severally charged, it is within the discretion of the Circuit Court to quash such indictment.

*Appeal from the Circuit Court of Benton County.*

Hon. FELIX J. BATSON, Circuit Judge.

JOHNSON, Attorney General, for the State.

Mr. Chief Justice ENGLISH delivered the opinion of the Court. Indictment as follows:

" The grand jurors for the State of Arkansas, duly empanneled, sworn and charged to inquire in and for the body of the county of Benton aforesaid, upon their oaths, present that Alexander Nail and Marble Cowan, on the 1st day of February, 1857, in the county of Benton aforesaid, then and there severally being free white male inhabitants, over the age of twenty-one years, of said county of Benton, did then and there severally neglect to obey the summons of one Robert Selvage, when each of them was then and there duly summoned by the said Robert Selvage to aid in the arresting one James M. Kendrick, he the said Robert Selvage, then and there having a writ of capias duly issued by the clerk of the Circuit Court of Washington county in said State of Arkansas, and directed to the sheriff of said county of Benton, against the said James M. Kendrick, he the said Robert Selvage, then and there being a duly appointed and duly qualified deputy sheriff within and for said county of Benton, and was then and there duly authorized to execute said

writ of capias upon said James M. Kendrick, and against the peace and dignity of the State of Arkansas."

Upon the motion of the defendants, the Court quashed the indictment, and the State appealed.

Upon what particular ground the Court quashed the indictment, does not appear from the record.

The indictment was no doubt drawn under the provisions of the 125*th chap. of the Digest, p.* 791. For precedents for indictments under similar statutes, see *Wharton's Precedents p.* 886, etc.

Passing over all other objections to the indictment, the Court below may have quashed it, because the defendants were jointly indicted for several offences.

Where the offence of each is entirely distinct in its nature, or arises out of some personal duty or omission, each ought to be separately indicted, or at all events severally charged. Though several defendants may be included in one indictment for several distinct misdemeanors of the same kind, as for severally keeping disorderly houses, it is neither discreet or proper, for the Court might, in its discretion, quash such indictment for any inconvenience shown to arise from the joinder of different offenders, though separately charged. *Wharton's Precedents, p.* 2 *note: Hale P. C.* 174; 1 *Chitty Cr. Law* 270; *Rex vs. Kingston,* 8 *East* 41; *Johnson vs. State,* 13 *Ark.* 684; *Wharton's Cr. L.,* *Title* JOINDER OF DEFENDANTS.

The judgment is affirmed.